UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE,<br><br>         Debtors.<br><br>IN RE STEVEN HARRY LUCORE, SR. AND JUDY LYNNE LUCORE,<br><br>     Plaintiffs and Appellants,<br>v.<br>U.S. BANK, N.A., AS TRUSTEE, etc., et al.,<br><br>     Defendants and Appellees. | Civil No.: 17cv34-JAH (JLB)<br>Bankruptcy No. 13-08534-MM<br>Bankruptcy Adversary No. 16-90149-MM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPELLANTS' RESPECTIVE MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS [DOC. NOS. 2, 3]** |

On January 9, 2017, Mr. Steven Harry Lucore, Sr. and Mrs. Judy Lynne Lucore, proceeding *pro se* (collectively, the "Appellants"), filed an appeal from the December, 2016 order of the Honorable Margaret M. Mann, United States Bankruptcy Judge, dismissing the adversary proceeding against U.S. Bank, N.A., as trustee for the certificate holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H; Adam Barasch; and Severson & Werson, a professional corporation (collectively, "Appellees"). See Doc. No. 1 at 1-15; Bankruptcy No. 13-08534-MM.

1

Appellants did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing. Instead, Appellants, respectively, filed individual motions for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). See Doc. Nos. 2, 3. After a careful review of Appellants' respective IFP motions, and for the reasons set forth below, both motions are **DENIED WITHOUT PREJUDICE**.

## I. Leave to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. See 28 U.S.C. § 1915(a).

### A. Ability to Pay the Statutory Filing Fee

In support of his motion, Mr. Lucore submitted a short form Application to Proceed in District Court Without Prepaying Fees or Costs. See Doc. No. 3. Therein, Mr. Lucore declares his regular income, assets, expenses, and liabilities. With respect to income, Mr. Lucore indicates that he earns $1,216.67 per month ($916.67 per month from self-employment, and $300.00 per month in rental property income). Id. at 1. Mr. Lucore's total assets, not including the undisclosed value of the real property generating the declared rental income, equal $9,200.00 (bank account(s) contains $200.00 in cash; $2,000.00 worth of personal property; and two automobiles worth $7,000.00: a 1999 Ford F-350, worth

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

$5,000.00; and a 2006 Chevy Cobalt, worth $2,000.00.) Id. at 2. Mr. Lucore's share of regular monthly expenses equals $615.00 (listed expenses covered by Mr. Lucore include utility fees (power, water, telephone), gas, car insurance, and Chapter 13 bankruptcy payment). Id. Last, Mr. Lucore indicates that he owes $1,800.00 in "hospital medical expenses." No repayment details were provided regarding the medical expenses owed (i.e. installment amounts/frequency), or whether the installment amounts are included in his Chapter 13 bankruptcy payment. Id.

In support of her motion, Mrs. Lucore also filed a short form declaration, indicating that her sole source of income is a social security payment in the amount of $348.00 per month. See Doc. No. 2 at 1. Mrs. Lucore declares ownership in the same assets as Mr. Lucore (worth $9,200.00 total; not including the undisclosed value of the real property generating the declared rental income). Id. at 2 cf Doc. No. 3. Mrs. Lucore's share of monthly expenses equals $290.00. Doc. No. 2 at 2 (noting that she pays for food and some of the fuel costs, and Mr. Lucore covers everything else listed). Last, Mrs. Lucore indicates that she has no financial dependents, debts, or other financial obligations.

In light of the disclosures in both declarations, the Court is not convinced that Appellants are unable to pay the $400.00 statutory filing fee. Indeed, subtracting all stated expenses from income (without including the stated resale value of Appellants' assets) reveals a monthly net positive discretionary income exceeding the amount required to maintain this action. Accordingly, both motions for leave to proceed *in forma pauperis* are **DENIED WITHOUT PREJUDICE**.

## II. Conclusion and Order

Based on the foregoing, this bankruptcy appeal cannot proceed until Appellants' have either paid the statutory filing fees required to maintain this action or are found qualified to proceed *in forma pauperis*. **Accordingly, Appellants are hereby notified that in order to avoid dismissal of this case, they must either pay the requisite statutory filing fee or submit adequate proof of inability to pay the filing fee <u>no later than November 30, 2017</u>**. If Appellants do not pay the required filing fees or submit adequate

3

17cv34-JAH (JLB)

proof of inability to pay the fee by **November 30, 2017**, this case will be dismissed without prejudice and they will have to begin again by filing a new appeal.

**IT IS SO ORDERED**.

DATED: September 21, 2017

_____
JOHN A. HOUSTON
United States District Judge