# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE,<br><br>Debtors.<br><br>STEVEN HARRY LUCORE, SR., et al.,<br>Plaintiffs and Appellants,<br>v.<br>U.S. BANK, N.A., AS TRUSTEE, etc., et al.,<br>Defendants and Appellees. | Civil No.: 17cv34-JAH (JLB)<br>Bankruptcy No. 13-08534-MM<br>Bankruptcy Adversary No. 16-90149-MM<br><br>**ORDER (1) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS; (2) GRANTING DEFENDANTS' MOTION FOR A LIMITED REMAND; AND (3) ORDERING DEFENDANTS TO FILE A STATUS REPORT FOLLOWING THE BANKRUPTCY COURT'S RE-ENTRY OF ITS AMENDED ORDER** |

## **INTRODUCTION**

This matter comes before the Court on motion to dismiss, or, in the alternative, remand, plaintiffs and appellants Steven Harry Lucore, Sr. and Judy Lynne Lucore's ("Plaintiffs") appeal from the United States Bankruptcy Court, filed by defendants and appellees U.S. Bank, N.A., as trustee for the certificate holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H; Adam Barasch; and Severson & Werson, a professional corporation (collectively, "Defendants"). *See* Doc. No. 4.

1

After careful review of the relevant briefs, attached exhibits, and for the reasons set forth below, the Court (1) **DENIES AS MOOT** Plaintiffs' motion to dismiss the appeal; (2) **GRANTS** Defendants' motion for a limited remand; and (3) **ORDERS** the Defendants to file a status report, in this Court, no later than fifteen days following the bankruptcy court's ruling following remand.

## **BACKGROUND**[1]

On January 9, 2017, Plaintiffs filed notice in this Court appealing from the December 2016 bankruptcy court order dismissing their adversary proceeding against the Defendants. *See* Doc. No. 1 at 1-15; Bankruptcy No. 13-08534-MM. Plaintiffs did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing. Instead, Plaintiffs, respectively, filed motions for leave to proceed with their appeal *in forma pauperis*. *See* Doc. Nos. 2, 3.

On January 13, 2017, Defendants filed a motion to dismiss the appeal for lack of jurisdiction, due to the pendency of their timely-filed motion to correct or amend the December 2016 order. *See* Doc. No. 4 at 3-4 (arguing that, pursuant to Fed. R. Bankr. P. 8002(b)(2), this Court is without jurisdiction to consider the merits of the appeal until Defendants' motion to correct is disposed of by the bankruptcy court); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002). In the alternative, Defendants request that this Court remand the matter to remove any doubt regarding the jurisdiction of the bankruptcy court to correct its own order. *See* Doc. No. 6 at 4-6.

---

[1] Defendants asks the Court to take judicial notice of four documents attached to its motion to dismiss as Exhibits 1-4. *See* Doc. Nos. 4-3 - 4-7. Exhibits 1-4 are various rulings by the Honorable Margaret M. Mann, United States Bankruptcy Judge, issued in Plaintiffs' underlying bankruptcy case. *Id*. Because Exhibits 1-4 are publicly recorded and accessible whose accuracy cannot be reasonably questioned, this Court deems it appropriate to take judicial notice of Exhibits 1-4. *See* Fed. R. Evid. 201(b); *Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal., 2006).

On February 22, 2017, Defendants filed a supplemental brief informing this Court that Judge Mann held a hearing on Defendants' motion to correct, and ruled in their favor. *See* Doc. No. 6. Indeed, Judge Mann concluded that the bankruptcy court had jurisdiction to enter a corrected order, despite the pendency of this appeal. *See* Doc. No. 6-1. The bankruptcy court then entered an amended order dismissing the adversary proceeding against the Defendants. *See* Doc. No. 6-2. In light of this development, Defendants withdrew their request to dismiss the appeal, acknowledging that "a final order has been entered and this appeal is ripe for determination." *See* Doc. No. 6 at 2. Here, the Court agrees that the appeal is now ripe for determination, and, therefore, **DENIES AS MOOT** Defendants motion to dismiss on the basis of this Court lacking jurisdiction to hear the appeal.

Defendants nevertheless maintain their request for a limited remand to ensure that the entry of the corrected order was with jurisdiction. *See id.* (citing *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979)). Here, the Court finds good cause to grant a limited remand. The docket indicates that the appellate record has not yet been perfected, opening briefs have not been filed, and no party will be unduly prejudiced by a limited remand, which would remove any doubt surrounding entry of the amended order and jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss this appeal on the basis of this Court lacking jurisdiction is **DENIED AS MOOT**;
2. Defendants' motion for a limited remand to re-enter its amended order is **GRANTED**; and
3. Defendants shall file a status report, in this Court, no later than fifteen days following the bankruptcy court's ruling following remand.

//
//
//
//

1 **IT IS SO ORDERED**.

DATED: September 21, 2017

_____
JOHN A. HOUSTON
United States District Judge