# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE,<br><br>                                      Debtors. | Civil No.: 17cv34-JAH (JLB)<br>Bankruptcy No. 13-08534-MM<br>Bankruptcy Adversary No. 16-90149-MM |
| STEVEN HARRY LUCORE, SR., et al.,<br><br>         Plaintiffs and Appellants,<br><br>   v.<br><br>U.S. BANK, N.A., AS TRUSTEE, etc., et al.,<br><br>         Defendants and Appellees. | **ORDER:**<br><br>**1. AFFIRMING THE ORDER OF THE BANKRUPTCY COURT; AND**<br><br>**2. DENYING APPELLANTS' EX PARTE APPLICATION** |

Steven H. Lucore, Sr. and Judy L. Lucore ("Appellants"), proceeding *pro per*, appeal from an order of the United States Bankruptcy Court for the Southern District of California granting U.S. Bank, N.A.'s ("Appellee") motion to dismiss the adversary proceeding. *See Doc. Nos*. 1, 32-8. The issues on appeal have been fully briefed and argued. Having considered the parties' submissions and for the reasons set forth below, the Court **AFFIRMS** the order of the Bankruptcy Court.

Additionally, on June 1, 2018, Appellants filed before this Court an *Ex Parte* Application for an order vacating a September 2012 bankruptcy court order terminating the automatic stay with respect to U.S. Bank in a separate bankruptcy case; an order not issued by the bankruptcy court in the instant case and not currently before this Court on appeal. After the bankruptcy court denied reconsideration, the Lucores appealed the 2012 Order to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). The BAP affirmed on June 24, 2013. Final decisions of the BAP must be timely appealed to the Court of Appeals pursuant to Federal Rules of Appellate Procedure ("FRAP") 4(a)(1) and 6. This Court is without jurisdiction to consider Appellants' *Ex Parte* Application and it is therefore summarily **DENIED.**

## I. BACKGROUND

Since 2010, Appellants have filed two Chapter 13 bankruptcy petitions, initiated three state court actions, two District Court actions and five appeals in state and federal courts including the BAP. *See Doc. No. 32-3* at 73-74; *Doc. No. 32-8* at 4-9, 14. The first Chapter 13 bankruptcy petition was initiated on August 25, 2011 and dismissed on August 14, 2013 for failure to timely file an amended plan. *See Case No*. 13cv1474-H-JMA; *Doc. No. 17* at 3. On August 26, 2013, the Lucores filed a second Chapter 13 bankruptcy petition. *See Doc. No. 32-8* at 6 ¶ 9.

Within the two bankruptcy cases, Appellants filed numerous motions and adversary pleadings: (1) a motion for reconsideration of an order granting U.S. Bank relief from stay, (2) an *ex parte* motion for reconsideration of the same, (3) an adversary proceeding alleging wrongful foreclosure, (4) a motion for contempt of automatic stay (5) emergency motions to impose an automatic stay pending adjudication of the contempt motion, (6) a motion to extend the automatic stay order in the second bankruptcy case, (7) a renewed motion (filed in the second bankruptcy case) to vacate the court's order granting U.S. Bank relief form stay in the first case, (8) a motion to reimpose the automatic stay as to U.S. Bank in the second case due to alleged wrongful foreclosure, and (9) a motion to transfer venue to the District Court. *Doc. No. 32-8* at 4-9. In each of the above-referenced matters Appellants

2

challenged the validity of a 2011 non-judicial foreclosure sale to U.S. Bank. *Doc. No. 32-8* at 14.

On September 19, 2016, appellants filed an adversary complaint against U.S. Bank and its law firm, Adam Barasch and Severson & Werson, APC, asserting fraudulent misrepresentation. *Doc. No. 21-2* at 17. Appellants claim that U.S. Bank misrepresented facts in its motion for relief from automatic stay in the original bankruptcy proceeding when U.S. Bank claimed to have a valid legal interest in the foreclosed property. *Id.* at 23-24. Appellants base the alleged misrepresentations on the assertion that the foreclosure of their home was void due to a 2009 letter demanding their loan be rescinded under the Federal Truth in Lending Act ("TILA"). *Id.* at 10. Appellants' prayer for relief included a request that the court "issue an order pursuant to 11 U.S.C. §105 (a) and the Court's inherent equitable powers: imposing appropriate monetary sanctions against each defendant," for failing to ensure the accuracy of pleadings. *Id.* at 26. In addition, Appellants sought an order "enjoining and restraining each defendant from engaging in bad faith and abusive practices in connection with the preparation, verification, filing and prosecution of state court actions… involv[ing] … claims or liens that have previously been the subject of the bankruptcy estate." *Id.* at 27.

The bankruptcy court dismissed the adversary proceeding on two grounds. First, the court held that the relief sought under 11 U.S.C. § 105(a) and the court's inherent powers was tantamount to seeking recourse for contempt of court. The bankruptcy court dismissed the action under Rule 9020, concluding contempt remedies must be sought by motion and not in an adversary proceeding. *Doc. No. 32-8* at 10. Second, the court ruled that even if procedural defects were overlooked, the action required dismissal on discretionary abstention grounds. *Id.* The bankruptcy court noted that the claims were the subject of litigation in three other courts within two separate forums[1] and were best resolved in the

---

[1] In 2015 the state court sustained a demurrer to the Lucores' complaint on the ground that two prior judgments in favor of U.S. Bank barred re-litigation of the issue. The state court action was on appeal at

previously filed actions. In a detailed analysis, the court considered each of the twelve factors outlined in *Tucson Estates* and held that abstention was appropriate. *In re Tucson Estates. Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).

On December 29, 2016, the bankruptcy court entered an order dismissing the adversary proceeding. *Doc. No. 4-3*. U.S. Bank filed a motion to correct or amend the Order under Federal Rule of Civil Procedure 59 and 60(a),(b). *Doc. No. 4-4*. The bankruptcy court granted the motion and entered the amended order on February 13, 2017. Appellants filed the instant appeal prior to entry of the amended order. *See Doc. No.* 1. To ensure the bankruptcy court's jurisdiction, this Court granted a limited remand to allow the bankruptcy court to re-enter its amended order. *Doc. No.* 23. The final judgment subject to appeal under Federal Rule of Bankruptcy Procedure ("FRBP") 7054 is the bankruptcy court's re-entered Amended Order on Motion to Dismiss Adversary Complaint. *Doc. No. 24-1* at 1. Appellants' appeal is therefore treated as filed on the date of entry of the final judgment. FRBP 8002(a)(2).

## II. ISSUES

Did the Bankruptcy court err in dismissing the adversary complaint:

    (a) on the basis that the relief sought was tantamount to a contempt motion; and/or

    (b) on discretionary abstention grounds?

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from a final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a); *See In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) ("[A] bankruptcy court order is final and thus appealable where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it

---

the time the bankruptcy court dismissed the adversary proceeding. A district court case (case no.15cv2246) was also stayed pending the outcome of the state court action. On February 22, 2017 the The California Court of Appeal affirmed the lower court's ruling and held that all claims challenging the validity of the foreclosure were barred the doctrine of *res judicata*.

is addressed.")  The dismissal of Appellants' adversary complaint constitutes a final appealable order.  *Id*.

A bankruptcy court's decision to grant a motion to dismiss an adversary proceeding is reviewed *de novo*. *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir.2012); *In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999) (a district court reviews a bankruptcy court's conclusions of law *de novo*, and its findings of fact for clear error.)  Whether a case meets the requirements of the abstention doctrine being invoked is also reviewed *de novo*. *Garamendi v. Allstate Ins. Co*., 47 F.3d 350, 354 (9th Cir. 1995), aff'd sub nom. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Once the reviewing court determines that the requirements have been met, it reviews the decision to abstain for abuse of discretion. *Id.* Appellants must show that the decision to abstain was "illogical, implausible, or without support in the inferences that may be drawn from the record." *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir.2009) (*en banc*); See also *In re Conejo Enters., Inc.,* 96 F.3d 346, 351 (9th Cir. 1996) (decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision). The Court may affirm on any ground supported by the record. *Vestar Dev. II, LLC v. Gen. Dynamics Corp*., 249 F.3d 958, 960 (9th Cir.2001).

## IV. DISCUSSION

### A. Adversary Proceedings: FRBP 7001

Part VII of the Bankruptcy Rules governs adversary proceedings. *See Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1189 (9th Cir. 2011). Rule 7001 describes which matters qualify as an "adversary proceeding." FRBP 7001.  Any such matter not listed under Rule 7001 is deemed a contested matter governed by Rule 9014. *Barrientos*, 633 F.3d at 1189.  U.S. Bank argues that the Lucores fail to point to any Rule 7001 category that covers the claims for sanctions. Appellants do not dispute that contempt proceedings must be brought by motion pursuant to Rule 9014. Instead, Appellants argue that the bankruptcy court improperly misconstrued the complaint as seeking contempt remedies.

5

Appellants' adversary complaint outlined four requests within the prayer for relief. The first two are at issue on appeal.

### 1. Request for "Appropriate Monetary Sanctions"

Appellant's prayer for relief sought an order from the bankruptcy court for "appropriate monetary sanctions" pursuant to its authority under 11 U.S.C § 105(a) and "the Court's inherent equitable powers." Section 105(a) gives the Bankruptcy court authority to impose, as a remedial measure, sanctions for ordinary civil contempt. *In re Dyer*, 322 F.3d 1178, 1189–90 (9th Cir. 2003) (noting that although the availability of civil contempt sanctions under § 105(a) has a checkered past in our circuit, the recent precedent makes clear that this remedy is available.) A bankruptcy court may also impose monetary sanctions pursuant to its inherent powers under §105 if it determines that bad faith exists. *Miller v. Cardinale (In re DeVille)*, 280 B.R. 483, 492 (9th Cir.BAP 2002), aff'd, 361 F.3d 539 (9th Cir.2003) (citing *Chambers v. NASCO*, 501 U.S. 32, 50 (1991)).

Considering the allegations in Appellants' adversary complaint and the lack of reference to any violation of a specific and definite court order, it appears Appellants sought monetary sanctions under a theory of bad faith rather than civil contempt. In either case, the bankruptcy court properly construed Appellants' request for sanctions as one that must be sought by motion under Rule 9014 as a contested matter. In its opening brief however, Appellants abandon their primary prayer for relief.

### 2. Injunctive or Equitable Relief and Declaratory Judgment

Appellants assert that the crux of their complaint centered on their second request for injunctive relief and declaratory judgment. In Appellants' opening brief, they first contend that the court erred by holding them to the same stringent standards as legal counsel. They argue that by converting the adversary complaint to a motion for contempt, the bankruptcy court circumvented its responsibility to liberally construe the allegations against appellees for abuse of process and misusing the legal process.

In response, Appellees argue that the complaint never mentions abuse of process or declaratory relief, nor does it allege the elements of those claims. Nonetheless, the Lucores

6

maintain that the adversary complaint sought a declaratory judgment finding that defendants submitted false and fraudulent documents to the bankruptcy court to procure an order for relief from stay. Appellants also contend that the complaint sought to enjoin U.S. Bank from advancing further action against them and *their* property.

> In pertinent part, Rule 7001 describes an adversary proceeding as:
> (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief; and
> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing.

As the District Court for the Eastern District of California recognized:

> A declaratory relief claim operates "prospectively," *not to redress past wrongs*…[and] brings to the present a litigable controversy, which otherwise might only be tried in the future. As an equitable remedy, declaratory relief is dependent upon a substantive basis for liability and has no separate viability *if all other causes of action are barred*. (Citations omitted) (Emphasis added).

*Flores v. EMC Mortg. Co*., 997 F. Supp. 2d 1088, 1111 (E.D. Cal. 2014).

Even if the bankruptcy court erred to the extent that it dismissed the entire complaint as a contempt proceeding, including those portions of the complaint seeking a declaratory judgment in relation to Appellants' request for an injunction, the adversary complaint filed by the Lucores sought to redress alleged wrongs of a previously dismissed bankruptcy case – not a prospective wrong. *See Flores*, 997 F. Supp. 2d at 1112. (finding that the complaint failed to substantiate an independent claim for declaratory relief when the claims alleged sought to redress past alleged wrongs in connection with authority to foreclose on the property.) The bankruptcy court correctly determined that granting the relief sought by Appellants would "require the court to find the loan was rescinded…." It is clear in *Flores,* that "declaratory relief does not serve to furnish a litigant with a second cause of action for the determination of identical issues." (Internal quotations and citations omitted). *Id.* This axiom holds especially true when the same issues are being, or have been, litigated in various other courts within multiple forums.

7

### 3. Conclusion

The Court finds that the Bankruptcy Court properly construed the complaint as a request for sanctions that should have been brought by motion. The Court also finds that the request for sanctions was properly dismissed pursuant to Rules 7001 and 9014. To the extent that Appellants seek reversal only upon the merits of their request for injunctive and declaratory relief, the Court finds that their claim is legally deficient. Such forms of relief are not standalone claims, but remedies available upon an initial finding of liability on a substantive claim. The Court finds the complaint failed to allege a prospective wrong or an independent cause of action that has not been barred by previous judicial determinations.

### B. Discretionary Abstention: 28 U.S.C. § 1334

Appellants argue that the bankruptcy court's reliance on the abstention doctrine was improper on various grounds. Section 1334(c)(1) of Title 28 of the United States Code governs permissive or discretionary abstention and sets forth the circumstances in which a bankruptcy court may abstain from hearing a particular proceeding. Section 1134(c)(1) states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Appellant's adversary proceeding was filed in a Chapter 13 case, arising under Title 11. The bankruptcy court therefore acted within its authority to consider abstention. The Court considers the twelve-factor test[2] outlined in *Christensen v. Tucson Estates, Inc. (In re*

---

[2] The factors include: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,(2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the

8

*Tucson Estates)*, 912 F.2d 1162 (9th Cir.1990) to determine whether the bankruptcy court's application of the abstention doctrine was an abuse of discretion. It is useful, however, to first give consideration to the lengthy procedural history which shapes the litigation in this case and the issues now before the Court on appeal.

On November 22, 2010, Appellants filed a complaint in San Diego County Superior Court against U.S. Bank N.A., Recontrust Company N.A., and Bank of America N.A. ("2010 state court action") to restore title to the property, enforce rescission, and void the deed of trust (caseno. 37-2010-00072157-CU-OR-EC). *See Doc. No. 32-3* at 73. Appellants' complaint also included a claim for trespass on the contract, deceptive business practices, wrongful conversion, violation of Civil Code § 2923.5, filing a false document and intentional misrepresentation. *Id*. U.S. Bank filed a demurrer. *Id*. On April 15, 2011, at the hearing on Defendant's demurrer, the Superior Court dismissed the complaint on the record without leave to amend. *See Id*. On May 3, 2011, the Superior Court issued an Order and Judgment dismissing Plaintiffs' entire case with prejudice. *See Id*. at 134. The record does not reflect whether Appellants filed an appeal. Approximately three months after dismissal of the case, on August 18, 2011, the property was sold to U.S. Bank at a trustee's sale in a non-judicial foreclosure. *Doc. No.32-3* at 71; *See also Doc. No. 32-8* at 4-5.

On August 25, 2011, the Lucores filed their first Chapter 13 bankruptcy petition. *Doc. No. 32-8* at 4-5. Appellants made numerous unsuccessful attempts to extend the automatic stay, filed an adversary proceeding against U.S. Bank alleging wrongful foreclosure, and filed three contempt motions against U.S. Bank alleging that it was in contempt of the automatic stay; despite the court granting and affirming relief from stay. *See Doc. No. 32-8* at 5-6 ¶¶ 2-8. In a November 9, 2012 Order denying Appellants' motion for reconsideration, the bankruptcy court reminded Appellants that the court would not

---

commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,(11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

address their claims of wrongful foreclosure. *Doc. No. 10-2* at 27. On February 7, 2013, the bankruptcy court dismissed the first adversary proceeding on two grounds: (1) the claims were barred by *res judicata* and (2) the identical causes of action had previously been addressed and dismissed in the 2010 state court action. See *Doc. No. 32-8* at 5 ¶5.

On June 12, 2013, the bankruptcy court denied the Lucore's third contempt motion. *See Id.* at 5-6 ¶6. The Lucore's appealed this decision to the U.S. District Court and the District Court affirmed. *Id*. The first bankruptcy case was dismissed on August 14, 2013. *Id*. at 6 ¶8. The record does not reflect whether Appellants appealed the final order dismissing the case.

Less than two weeks after dismissal, Appellants filed a second Chapter 13 petition. *Id*. at 6 ¶9. Between August 26, 2013 and October 2015, the Lucores also filed a second adversary proceeding, two additional state actions[3], and two federal actions[4] against U.S. Bank and its law firm, reasserting their recession claims and right to clear title. *Id*. at 6-8

---

[3] (1) Steven H. Lucore, Sr.,et al., v. U.S. Bank, N.A., as Trustee, etc. et al.,Case No. 37-2013-00069963-CU-OR-CTL. This suit was dismissed on demurrer on January 22, 2014 on the ground that it was barred by *res judicata*. The Lucores appealed the dismissal, which was affirmed by the California Court of Appeal on December 19, 2014. See Cal. Ct. Appeal, Case No. D065486.

(2) Steven H. Lucore, Sr., et al., v. U.S. Bank, N.A., as Trustee, etc. et al., Case No. 37-2015-00029825-CU-OR-CTL. This suit was dismissed on March 3, 2016 on the ground that it was barred by *res judicata*. The Lucores appealed the dismissal on March 22, 2016. The California Court of Appeal affirmed on February 22, 2017. See Cal. Ct. Appeal, Case No. D070103.

[4] (1) Lucore, Sr. et al v. Zeff et al., Case No. 3: 15-cv-00910- JLS-MDD. The Lucores filed a complaint in district court against Michael D. Zeff and the law firm Rosenthal, Withem, & Zeff (attorneys representing U.S. Bank in unlawful detainer proceedings). The District Court granted Defendants' motions to dismiss and dismissed the Lucores' third amended complaint with prejudice on February 26, 2018. On July 30, 2018, the court granted an *ex parte* motion to extend time to appeal.

(2) Lucore, Sr. v. US Bank, NA, et al., Case No. 3: 15-cv-2246- JLS-MDD. This complaint alleged violations of the Rosenthal Fair Debt Collection Practices Act and the Business and Professions Code. The District Court stayed the case pending the resolution of the appeal in the 2015 state court case (Case No. 37-2015-00029825). The stay was lifted on August 14, 2017 and a third amended complaint was filed on March 13, 2018 with a new cause of action for declaratory relief. Defendant's motion to dismiss the Lucore's third amended complaint is now pending before the court.

¶9-10, 12, 13, 15, 19. In the second adversary proceeding, now before this Court on appeal, appellants again requested the bankruptcy court to determine the validity of the August 2011 foreclosure on the merits and find that U.S. Bank acted in bad faith when it moved for relief from stay in the first bankruptcy proceeding.

The basis and primary focus of Appellants' arguments rely on the legal conclusion that "the note and deed of trust became void upon recission." Yet, no court has made such a determination. Appellants' continued, relentless reiterations of the same argument will not make it so. The Lucores' complaint, much like their oral argument before this Court, advances the same claims for wrongful foreclosure and recission that were brought (or should have been brought) before the state court in 2010. The state court: (1) ruled in favor of U.S. Bank on these claims, (2) determined they are now barred by the doctrine of *res judicat*a and (3) had its rulings upheld by the California Court of Appeal (Case Nos. D065486 and D070103) and recognized by the federal district court (case no. 15cv2246, *Doc. No.* 56). Appellants were therefore precluded from continuing to assert the invalidity of the pre-petition foreclosure in the adversary proceeding below.

Based upon the Court's *de novo* review of the record, the Court finds that the case meets the requirements of the *Colorado River* abstention doctrine, (*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)), invoked by the bankruptcy court and now turns to the *Tucson* factors to determine whether abstaining was an abuse of discretion.

On appeal, Appellants challenge the bankruptcy court's findings on five of the twelve *Tucson* factors.

### 1. First Factor: Efficient Administration of the Bankruptcy Estate

Appellants allege that the efficient administration of the bankruptcy estate outweighed other factors in favor of determining the case on the merits. Appellants attempt to relate their request for sanctions and injunctive relief to the efficient administration of the post-confirmation bankruptcy estate. The argument is based largely on the erroneous assumption that the subject property was "in essence" an asset of the bankruptcy estate.

11

Appellee's argue, and the Court agrees, that any interest the Lucores held in the property was extinguished when the property itself was foreclosed upon in 2011. *In re Pearl*, 811 F.3d 1120, 1128 (holding that the debtor had no remaining legal interest in the property when the property was purchased at a pre-petition foreclosure sale and the deed recorded within fifteen days of the sale.) If the Lucores held no legal interest in the property at the time the bankruptcy petition was filed, neither did the bankruptcy estate. *See In re Gendreau*, 122 F. 3d 815, 819 (filing bankruptcy cannot give a debtor a greater interest in an asset than that which he owned pre-bankruptcy). Further, the bankruptcy court correctly determined that any potential claims the Lucores have against Appellees are not property of the estate, as the rights to those claims re-vested in the Lucores after the Chapter 13 plan was confirmed on August 20, 2016. *See* 11 U.S.C. §1327. Appellants, therefore, fail to establish the court erred in determining that the first factor weighed in favor of abstention.

### 2. Second Factor: State Law versus Bankruptcy Issues

Appellants contend that the second factor weighed in favor of abstention because there are no state law claims which predominate over the bankruptcy issues. Appellants point to the Federal Truth in Lending Act and generally reference, but do not cite, Ninth Circuit and Supreme Court opinions that discuss effective recession. However, the Lucores do not dispute the filing of three state court actions to restore title to the property and enforce rescission by asserting claims for violations of various state statues[5]. More importantly, the claims asserted in the adversary complaint seek to hold U.S. Bank and its attorneys liable for allegedly mispresenting facts to the court in its motion for relief from stay. Appellants themselves characterize the complaint as one alleging "abuse of process" for filing bad faith pleadings. While the complaint may arguably allege an ethical violation, it does not allege a bankruptcy issue. The mere fact that the court in question is

---

[5] The 2013 state court action (Case no. 37-2013-00069963) asserted claims for violation of California Civil Code § 2924.17, wrongful foreclosure, quiet title, declaratory relief, unfair business practices (Bus. Prof. Code § 17200 et seq.), and cancellation of void instruments.

a bankruptcy court does not make the substance of the complaint relevant to property of the estate, property in the possession of the trustee, or the debtors in possession. The court's finding that the case only involved non-bankruptcy issues and therefore weighed in favor of abstention was not erroneous.

### 3. Fourth Factor: Related Proceedings in State Court or other Nonbankruptcy Courts

In their opening brief, Appellants argue that the pending unlawful detainer case is not the proper venue to allege abuse of process for filing bad faith bankruptcy pleadings. U.S. Bank contends the bankruptcy court correctly found that the adversary complaint was based on claims being litigated in the unlawful detainer action and claims brought in the 2015 state court action pending decision on appeal. Not only did these claims live on in two other state court actions, but they were also pending before the District Court.[6] This factor weighs heavily in favor of abstention.

### 4. Seventh Factor: Assertion of a "Core Proceeding"

Appellant's argument that the complaint constitutes a core proceeding because it involved the bankruptcy trustee's duties in administering the estate and a disputed creditor's claim is legally unsound. Appellees first contend that the complaint does not seek to dispute a creditor's claim or aid in the trustee's administration of the estate because the property in question was foreclosed upon pre-petition, alleviating any need for Appellee's to file a creditor's claim. Second, the relief sought by appellants does not fall under 28 U.S.C. §157(b)(2), nor was the complaint related to any property of the estate. The Court agrees with Appellee and finds that this factor also favors abstention.

### 5. Tenth Factor: Likelihood of Forum Shopping

The bankruptcy court found that there could be no reason for the filing of a third suit on the same issues other than forum shopping. This Court has noted more than seven

---

[6] During oral argument, Appellants reluctantly conceded that the same claims and allegations were brought in both pending actions.

complaints filed by Appellants in bankruptcy court, state court and District Court, not including those removed from state court to federal court and the various appeals from each. Appellants' arguments completely ignore the numerous orders barring further claims attacking the validity of the foreclosure proceedings, including the most recent by the California Court of Appeal.  Accordingly, the Court finds that the record plainly supports the bankruptcy court's findings and weighs in favor of abstention.

**C. Frivolous and Harassing Conduct**

Appellants may not continuously force feed the courts with their various theories surrounding the validity of the foreclosure through ongoing litigation in multiple actions within different forums simultaneously, hoping that one court will decide in their favor. As the bankruptcy court aptly noted, such actions are indicative of a vexatious litigant. As stated by the Federal Circuit Court in *Finch v. Hughes Aircraft Co.*:

> The [ ] court based its ruling on two independently sufficient grounds for dismissal of the complaint…. A trial court has discretion to dismiss a complaint which simply duplicates another pending related action. See, e.g., *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) (Where "a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed.") (citations omitted) (emphasis in original); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C.Cir.1980) (judge "acted within his discretion" in dismissing one of two identical cases). [Appellant] however, has not demonstrated that the [] judge erred, much less abused [her] discretion, in dismissing [Appellants'] complaint as duplicative, and so the judgment must be affirmed…. That res judicata precludes relitigation of such claims is too plain for argument.

926 F.2d 1574, 1577 (Fed. Cir. 1991).

As in *Finch*, there are no less than three separate grounds on which the bankruptcy court's judgment must be affirmed: (1) the foreclosed property was not part of the bankruptcy estate (2) request for sanctions must be filed in a motion – not a separate complaint and (3) the complaint was duplicative and barred per *res judicata*.  Under similar facts, the *Finch* court found:

14

Any one of these grounds would be sufficient to require affirmance; taken together, they present such an overwhelming obstacle to reversal that [Appellants'] decision to file this appeal can only be seen as a frivolous waste of the resources of this court and of the time and money of his hapless opponent…Thus, the filing of this appeal in itself merits sanctions.

*Id.* at 1580. Appellants have not addressed the legal authority against their position. Accordingly, the bankruptcy court did not abuse its discretion in finding abstention was proper.

Appellants may not seek refuge behind the veil of being untrained, *pro se* litigants. Their status as *pro se* litigants is undermined by the number of complaints filed, appearances made, motions brought and orders appealed in the last eight years[7]. See *Finch*, 926 F.2d at 1582 (a finding of frivolity is not precluded by an appellant's status as *pro se* in cases where even a non-lawyer should have been aware that his conduct was frivolous). Appellants were made aware that their conduct was improper, frivolous, and harassing by the bankruptcy court's amended order directing the issuance of a separate prefiling order.

Appellants are now on notice by this Court that future suits, proceedings, or actions within the District Court for the Southern District of California attempting to re-litigate those claims which have been deemed barred by prior judicial determinations may result in sanctions.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Bankruptcy Court's Order dismissing the Adversary Complaint is **AFFIRMED**,

2. Appellants' *Ex Parte* Application for an Order Vacating the Order Granting Relief from Stay and Denying Appellant's Motion to Extend the Automatic Stay is **DENIED**.

---

[7] Appellants have been a party to fourteen separate unrelated actions within the Southern District of California. The Lucores have initiated three removals from state court, appealed six court orders, and filed five complaints - one against a district court judge and four against various financial institutions.

3. **NOTICE IS GIVEN** that continuous frivolous and harassing conduct as described in this order, including but not limited to the filing of future suits, proceedings, motions or actions within the District Court for the Southern District of California attempting to re-litigate those claims which have been deemed barred by prior judicial determinations, may result in sanctions.

**IT IS SO ORDERED.**

DATED:  August 3, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

16